FILED

1  Michael J. Sexton CA Bar No. 153435
   michael.sexton@ogletreedeakins.com
2  Daniel A. Adlong CA Bar No. 262301
   daniel.adlong@ogletreedeakins.com,
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
4  695 Town Center Drive
   Costa Mesa, CA 92626
5  Telephone: 714.800.7900
   Facsimile: 714.754.1298
6
   Attorneys for Defendant THE HOME DEPOT U.S.A., INC.
7  (erroneously named as HOME DEPOT USA, INC.)

8                 **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT, EASTERN DIVISION**

10                    ED   CV11-01040 VAP(DTBx)

11 CHRIS CORY COMLEY,              Case No.

12          Plaintiff,            **DEFENDANT'S PETITION AND
                                   NOTICE OF REMOVAL**
13    v.
                                   Complaint Filed: June 1, 2011
14 HOME DEPOT USA, INC., a Delaware   Trial Date:
   corporation; and DOES 1-100,   Judge:
15
          Defendants.
16

17

18     **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

19 **DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS**

20 **OF RECORD:**

21

22     **PLEASE TAKE NOTICE** that Defendant The Home Depot U.S.A., Inc.

23 (hereinafter "Defendant" or "Home Depot") hereby removes this action from the

24 Superior Court of the State of California for the County of San Bernardino to the

25 United States District Court for the Central District of California pursuant to 28

26 U.S.C. §§ 1332 and 1441(b) on the grounds that there is complete diversity of

27 citizenship between Plaintiff Chris Cory Comley ("Plaintiff"), a citizen of the State

28 of California, and Home Depot, a citizen of the States of Delaware and Georgia; that

                                    1

1   the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in

2   Section 1332(a); and that the foregoing facts were true at the time the Complaint in

3   this matter was filed and remain true as of the date of the filing of this notice of

4   removal, as more fully set forth below on the following grounds:

**I.**

**THE STATE COURT ACTION**

7   1.   On or about June 1, 2011, Plaintiff filed an action against Home Depot

8   entitled "CHRIS CORY COMLEY, Plaintiff v. HOME DEPOT U.S.A., INC., and

9   DOES 1 through 100, Defendants" in San Bernardino County Superior Court, Case

10   Number CIVRS1105339.  Attached hereto as Exhibit "A" is a true and correct copy

11   of the Complaint ("Complaint").

12   2.   On or about June 7, 2011, Plaintiff served the Summons and Complaint

13   on Home Depot's statutory agent for service of process.  Attached hereto as Exhibit

14   "B" is a true and correct copy of the Summons.  In addition to the Summons and

15   Complaint filed by Plaintiff set forth above, Plaintiff served the Alternative Dispute

16   Resolution Information Packet.  Attached hereto as Exhibit "C" is a true and correct

17   copy of the Alternative Dispute Resolution Information Packet.  At the same time,

18   Plaintiff served a Certificate of Assignment.  A true and correct copy of the

19   Certificate of Assignment is attached hereto as Exhibit "D."  At the same time,

20   Plaintiff served a Notice of Case Assignment.  A true and correct copy of the Notice

21   of Case Assignment is attached hereto as Exhibit "E."  Finally, at the time same

22   time, Plaintiff served a Civil Case Cover Sheet.  A true and correct copy of the Civil

23   Case Cover Sheet is attached hereto as Exhibit "F."

24   3.   On July 5, 2011, Home Depot timely filed and served its Answer to

25   Plaintiff's Complaint in the San Bernardino County Superior Court.  Attached hereto

26   as Exhibit "G" is a true and correct conformed copy of Defendant's Answer to

27   Plaintiff's Complaint.

28

## II.

## REMOVAL IS TIMELY

4.     A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

5.     As set forth more fully in paragraphs 2 and 3, service of the Summons and Complaint on Home Depot was effective on June 7, 2011.  Therefore, removal is timely, as the action is being removed within 30 days of service.

## III.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.     Home Depot is informed and believes that Plaintiff is a citizen of the State of California and is domiciled in the County of Orange, California, and was so domiciled at the time of filing of the Complaint.

7.     Home Depot was at the time the Complaint was filed, and still is, incorporated in the State of Delaware.

8.     The Supreme Court recently established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. ___ (February 23, 2010); 130 S. Ct. 1181 (2010), 2010 WL 605601.  The Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at *2.  The Court further clarified that the principal place of business was the place

1  where the corporation "maintains its headquarters - provided that the headquarters is
2  the actual center of direction, control and coordination." *Id.*

3      9.      Home Depot's principal place of business is in the State of Georgia as
4  Home Depot performs the vast majority of its executive and administrative functions
5  at its corporate headquarters located in that location.  Moreover, as a national
6  corporation that conducts business in 49 of 50 states, Home Depot's business
7  activities do not substantially predominate in a single state by virtue of doing more
8  business in that state. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102,
9  1107 (S.D. Cal. 2003) (denying motion to remand, holding that Home Depot was a
10  citizen of Delaware (state of incorporation) and Georgia (principal place of
11  business), and complete diversity of citizenship existed between it and plaintiff, a
12  California citizen).  Accordingly, Home Depot does not perform a "substantial
13  predominance" of corporate operations in any single state. *See Montrose Chemical
14  v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a
15  corporation's principal place of business is the state in which it performs a
16  substantial predominance of its corporate operations and, when no state contains a
17  substantial predominance of the corporation's business activities, then the
18  corporation's principal place of business is the state in which the corporation
19  performs its executive and administrative functions).

20      10.     If a party is a corporation, it is a citizen of both its state of incorporation
21  and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).
22  Accordingly, Home Depot is (and was at the time of filing of the Complaint) a
23  citizen of the States of Delaware and Georgia.

24      11.     Therefore, complete diversity among the parties not only exists now, but
25  did also at the time of the filing of this action on June 1, 2011.  Thus, this timely
26  Petition is based on complete diversity of the parties:  Plaintiff is a citizen of the
27  State of California and Home Depot is a citizen of the States of Delaware and
28  Georgia.

## IV.

## THE JURISDICTIONAL MINIMUM IS EASILY MET ON THE FACE OF THE COMPLAINT

12.     This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.  Home Depot discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.  In doing so, Home Depot does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

13.     The Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Here, Plaintiff has pled for the recovery of punitive damages.  *See* Complaint, ¶¶ 9, 11, 13, 15, and Prayer at ¶ 2.  "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."  *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy).

14.     Moreover, Plaintiff alleges that, as a proximate result of Home Depot's conduct, he has suffered "emotional distress." *See* Complaint, ¶¶ 10, 11, 13, and 15.

15.     Furthermore, Plaintiff alleges he is entitled to recover attorneys' fees and costs pursuant to the California *Government Code.  Id.* at Prayer at ¶ 6.

16.     Therefore, it is factually apparent from the body of the Complaint that the claim exceeds the jurisdictional amount.  *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency

10503169_1.DOC

Case No.

ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework). *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (holding that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" (loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress, etc.) combined with a claim for attorney's fees).

17.    As demonstrated above, numerous cumulative and alternative bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum.  As the alleged damages far exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## V.

## CONCLUSION

18.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Home Depot respectfully requests that this Court exercise its removal jurisdiction over this action.

19.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  July 6, 2011                OGLETREE, DEAKINS, NASH,
                                    SMOAK & STEWART, P.C.


                                    By: _____
                                        Michael J. Sexton
                                        Daniel A. Adlong

                                    Attorneys for Defendant THE HOME
                                    DEPOT U.S.A, INC.

EXHIBIT A

CONFORMED

1  JOSEPH S. DZIDA - Bar No. 89459
   jdzida@crdattorneys.com
2  THEODORE S. KHACHATURIAN - Bar No. 239137
   tkhachaturian@crdattorneys.com
3  CALLANAN, ROGERS & DZIDA, LLP
   800 South Figueroa Street, Eleventh Floor
4  Los Angeles, California 90017-2521
   Telephone: (213) 599.7595
5  Facsimile: (213) 599.7596

6  Attorneys for Plaintiff
   CHRIS CORY COMLEY

**F I L E D**
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JUN - 1 2011

_Roxanne R. Rea_
Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA COURT

10

11  CHRIS CORY COMLEY,                    Case No. CIVRS 1 1 0 5 3 3 9

12        Plaintiff,                      **Complaint For Wrongful Termination
13                                        Of Employment under Fair Employment
          v.                             and Housing Act; Wrongful Disability
14                                        Discrimination; Failure to
    HOME DEPOT USA, INC., a Delaware     Accommodate; Retaliation**
15  corporation; and DOES 1-100,
                                          **Demand For Jury Trial**
16        Defendants.

17

18                              __INTRODUCTION__

19

20        1.    Plaintiff is a 52 year old male, and United States citizen.

21

22        2.    On or about October 17, 1994, plaintiff was hired by defendant Home Depot

23  USA, Inc., a Delaware corporation ("Home Depot") as a sales "associate," assisting and

24  advising Home Depot customers on the sales floor of, first, a Home Depot store in Upland,

25  California, and, then, a Home Depot store in Rancho Cucamonga, California.  Plaintiff's

26  particular interest and specialty was plumbing.

27

28        3.    Plaintiff received consistently good reviews and was offered promotions.

                      COMPLAINT FOR WRONGFUL TERMINATION

4.      In November of 2008, plaintiff suffered a devastating personal tragedy; his nephew murdered his older sister. This threw plaintiff into a spiral of depression. In addition, plaintiff has a developmentally disabled daughter, with whom he needs time at home. Nevertheless, he continued to perform his duties at Home Depot satisfactorily. However, over time, Home Depot began to engage in a wrongful course of conduct. Plaintiff is informed and believes and thereon alleges that this course of conduct was motivated in whole or in part by illegal discrimination against plaintiff due to his actual or perceived disability/depression. Among other things, as part of this course of conduct, Home Depot:

(a)      Changed plaintiff's schedule (which had been in place for many years), from Tuesday, Wednesday, Friday and Saturday evenings to only Saturday and Sunday in the middle of the day, despite knowing that plaintiff was suffering and vulnerable because of his depression and despite knowing that plaintiff needed Sundays off for family and church.

(b)      Accused plaintiff falsely of violating Home Depot's so-called "respect" policy, when plaintiff became upset and angry about Home Depot's arbitrary action (Home Depot accused plaintiff of doing this on days during the week when plaintiff had not worked for 12 years).

(c)      Terminated plaintiff on or about July 3, 2010, without implementing any reasonable accommodation due to his depression; including time off or counseling, and, including acting on plaintiff's request for a transfer to less stressful work.

(e)      Terminating plaintiff on or about July 3, 2010, despite the above.

5.     After his termination, plaintiff complained to the California Department of Fair Employment and Housing and obtained a right to sue letter as to Home Depot.  True and correct copies of the complaint, right to sue letter and associated documents are attached and incorporated by reference as Exhibit 1.

6.     Plaintiff does not know the true names and capacities of defendants DOES 1—100 but alleges that they are each responsible in whole or in part for the misconduct alleged in this complaint.

### FIRST CAUSE OF ACTION

**(Wrongful Termination in Violation of Fair Employment and Housing Act —as to all defendants.)**

7.     Plaintiff incorporates by reference paragraphs 1 through 7 above as though set forth at length.

8.     Plaintiff is informed and believes and thereon alleges that Home Depot's termination of plaintiff on or about July 3, 2010, was a wrongful termination in violation of the California Fair Employment and Housing Act, and the public policies embodied therein, in that the termination was motivated in whole or significant part by plaintiff's actual or perceived disability/depression.

9.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, so conducted themselves intentionally and maliciously in conscious disregard of plaintiff's rights.  Managing agents of defendant Home Depot (including John Sickenger, manager of the Rancho Cucamonga store) directly participated in and/or ratified this misconduct.  Plaintiff, therefore, seeks punitive damages in an amount according to proof.

10.   This misconduct was also the legal cause of damage to plaintiff, including lost wages and benefits, emotional distress, expense incurred in trying to save plaintiff's family home, and job search expenses, in an amount according to proof.

## SECOND CAUSE OF ACTION

**(Discrimination Against Actual or Perceived Disability in Violation of California Fair Employment and Housing Act—as to all defendants.)**

11.   Plaintiff incorporates by reference paragraphs 1 through 10 above as though set forth at length.

12.   The conduct of defendant's and each of them, as alleged in paragraph 4 above, constituted illegal discrimination against plaintiff due to his actual or perceived disability, depression.

## THIRD CAUSE OF ACTION

**(Failure to Reasonably Accommodate—as to all defendants.)**

13.   Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 10 above as though fully set forth at length herein.

14.   The conduct of defendant's and each of them, as alleged in paragraph 4 above, constituted a failure to reasonably accommodate plaintiff's disability/depression in violation of the California Fair Employment and Housing Act.

-4-
COMPLAINT FOR WRONGFUL TERMINATION

## FOURTH CAUSE OF ACTION

### (Wrongful Retaliation—as to all defendants.)

15.    Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 10 above as though fully set forth at length herein.

16.    The conduct of defendant's and each of them, as alleged in paragraph 4 above, constituted wrongful retaliation against plaintiff because he became upset at Home Depot's illegal treatment of and failure to reasonably accommodate his disability/depression and because plaintiff requested reasonable accommodation.

## DEMAND FOR JURY TRIAL

17.    Plaintiff requests a jury trial.

WHEREFORE, plaintiff prays judgment as follows against defendants, and each of them:

1.    For damages in an amount according to proof in a sum that is more than the jurisdictional limit for a limited civil case.

2.    For punitive damages in an amount according to proof.

-5-
COMPLAINT FOR WRONGFUL TERMINATION

1     3.     For reinstatement in plaintiff's position prior to termination with back pay and

2 benefits.

3

4     4.     For interest on the damages awarded at the legal rate.

5

6     5.     For costs of suit.

7

8     6.     For attorneys' fees and litigation expenses, as permitted by the California Fair

9 Employment and Housing Act.

10

11     7.     For such other and further relief as this court deems just and proper.

12

13 DATED: May 3l, 2011         CALLANAN, ROGERS & DZIDA, LLP
                                     JOSEPH S. DZIDA
14                               THEODORE S. KHACHATURIAN

15

16

17                By:

18                    Joseph S. Dzida
                    Attorneys for Plaintiff CHRIS CORY COMLEY

19

20 G:\CYNTHIA\Comley\Pleadings\complaint.doc

21

22

23

24

25

26

27

28

COMPLAINT FOR WRONGFUL TERMINATION

**EXHIBIT 1**



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                 EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                 Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

May 10, 2011

RE:   E201011R7709-00
      COMLEY/HOME DEPOT U.S.A., INC.

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a private lawsuit in the State of California.

Sincerely,

Tina Walker
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

DFEH-200-06 (01/08)

EXHIBIT 1, PAGE 7

EXHIBIT A - PAGE 14



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                          EDMUND G. BROWN, JR. Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                 Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

May 10, 2011

COMLEY, CHRIS CORY
14957 GRANITE PEAK AVENUE
FONTANA, CA 92336

RE: E201011R7709-00
    COMLEY/HOME DEPOT U.S.A., INC.

Dear COMLEY, CHRIS CORY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 10, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT 1, PAGE 8**

EXHIBIT A - PAGE 15

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Tina Walker
District Administrator

cc:   Case File

---

JOHN SICKENGER
MANAGER
HOME DEPOT U.S.A., INC.
11884 FOOTHILL BOULEVARD
RANCHO CUCAMONGA, CA 91730

DFEH-200-43 (06/08)

**EXHIBIT 1, PAGE 9**

EXHIBIT A - PAGE 16

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH #   E201011R7709-00

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)

**COMLEY, CHRIS CORY**

TELEPHONE NUMBER (INCLUDE AREA CODE)

**(909)899-7524**

ADDRESS

**14957 GRANITE PEAK AVENUE**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **FONTANA, CA 92336** | **SAN BERNARDINO** | **071** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME

**HOME DEPOT U.S.A., INC.**

TELEPHONE NUMBER (include Area Code)

**(909)948-9200**

ADDRESS

**11804 FOOTHILL BLVD.**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **RANCHO CUCAMONGA, CA 91730** | **SAN BERNARDINO** | **071** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **30+** | **07/03/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before __07/03/2010__, the following conduct occurred:

by   **HOME DEPOT U.S.A., INC.**

- X termination
- ___ laid off
- ___ demotion
- ___ harassment
- ___ genetic characteristics testing
- ___ constructive discharge (forced to quit)
- ___ impermissible non-job related inquiry

- ___ denial of employment
- ___ denial of promotion
- ___ denial of transfer
- X denial of accommodation
- ___ failure to prevent discrimination or retaliation
- X retaliation
- X other (specify) NO MEANINGFUL INTERACTIVE PROCESS RE ACCOM.

- ___ denial of family or medical leave
- ___ denial of pregnancy leave
- ___ denial of equal pay
- ___ denial of right to wear pants
- ___ denial of pregnancy accommodation

because of :

| Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|
| ___ sex | X disability (physical or mental) |
| ___ age | ___ medical condition (cancer or ___ |
| ___ religion | genetic characteristics |
| ___ race/color | X other (specify) MEDICAL CONDITIONS AND MEDICATIONS FOR DISAB. |
| ___ national origin/ancestry | X retaliation for engaging in protected activity or requesting a protected |
| ___ marital status | leave or accommodation |
| ___ sexual orientation | |
| ___ association | |

State of what you believe to be the reason(s) for discrimination

EMPLOYEE WAS TERMINATED ON JULY 3, 2010. EMPLOYEE IS INFORMED AND BELIEVES AND THEREON ALLEGES THAT DISCRIMINATION DUE TO ACTUAL OR PERCEIVED DISABILITY (DEPRESSION); RETALIATION AND FAILURE TO ACCOMMODATE DUE TO SUCH ACTUAL OR PERCEIVED DISABILITY; AND FAILURE TO ENGAGE IN MEANINGFUL INTERACTIVE PROCESS RE SUCH ACCOMMODATION WERE ALL SUBSTANTIAL FACTORS UNDERLYING THE TERMINATION.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 05/10/2011

At FONTANA

DATE FILED: 05/10/2011

DFEH-300-03e (02/04)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

**EXHIBIT 1, PAGE 10**

# *** EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
CHRIS CORY COMLEY

TELEPHONE NUMBER (INCLUDE AREA CODE)
909-899-7524

ADDRESS
14967 GRANITE PEAK AVENUE

CITY/STATE/ZIP
FONTANA

COUNTY
SAN BERNARDINO

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
HOME DEPOT U.S.A., INC.

TELEPHONE NUMBER (Include Area Code)
770-433-8211

ADDRESS
2455 PACES FERRY ROAD, N.W.

DFEH USE ONLY

CITY/STATE/ZIP
ATLANTA, GA 30339

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
UNKNOWN

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)
JULY 3, 2010

RESPONDENT CODE

THE PARTICULARS ARE:

I allege that on **JULY 3, 2010**, the following conduct occurred:
**TERMINATION DUE TO DISABILITY DISCRIMINATION; RETALIATION AND FAILURE TO ACCOMMODATE.**

| | |
|---|---|
| X termination | denial of employment |
| lay-off | denial of promotion |
| demotion | denial of transfer |
| harassment | X denial of accommodation |
| genetic characteristics testing | failure to prevent discrimination or retaliation |
| constructive discharge (forced to quit) | X retaliation |
| impermissible non-job related inquiry | other (specify) |

| |
|---|
| denial of family or medical leave |
| denial of pregnancy leave |
| denial of maternity pay |
| denial of right to wear pants |
| denial of pregnancy accommodation |

by **JOHN SICKENGER,** _____
Name of Person

**MANAGER, RANCHO CUCAMONGA, CALIFORNIA STORE**
Job Title (supervisor/manager/personnel director/etc.)

because of:

| | | |
|---|---|---|
| sex | X disability (physical or mental) | X retaliation for engaging in protected |
| age | marital status | activity or requesting a protected |
| religion | medical condition (cancer) | leave or accommodation |
| race/color | (or genetic characteristics) | |
| ancestor | Association | other (specify) |

**DISCRIMINATION DUE TO ACTUAL OR PERCEIVED DISABILITY; RETALIATION AND FAILURE TO ACCOMMODATE DUE TO ACTUAL OR PERCEIVED DISABILITY.**

State what you believe to be the reason(s) for discrimination

_____

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _____

_____
COMPLAINANT'S SIGNATURE

At _____

DFEH-300-03 (04/03)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT 1, PAGE 11**

EXHIBIT B

| | **SUM-100** |
|---|---|

# SUMMONS CONFORMED
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT USA, INC., a Delaware corporation;
and Does 1-100;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRIS CORY COMLEY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JUN -1 2011

By: Roxanne R. Rea
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>San Bernardino County Superior Court<br>Rancho Cucamonga Court<br>8303 Haven Avenue<br>Rancho Cucamonga, CA 91730 | *(Número del Caso):*<br>CIVRS 1105339 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOSEPH S. DZIDA CALLANAN, ROGERS & DZIDA, LLP
800 South Figueroa Street, Eleventh Floor
Los Angeles, California 90017-2521 Tel: 213.599.7595; Fax: 213.599.7596

| DATE: *(Fecha)* | JUN 0 1 2011 | Clerk, by *(Secretario)* | Roxanne R. Rea | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Home Depot USA, Inc.; A Delaware Corporation
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT C



You

Don't

Have to

Sue

Here Are Some Other Ways

To Resolve a Civil Dispute

Presented by the
Judicial Council of California
And the
State Bar of California

EXHIBIT C - PAGE 20

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

-2-

EXHIBIT C - PAGE 21

- **ADR can be more satisfying.**  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute.  Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved.  The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses.  Mediation normally leads to better relations between the parties and to resolutions that hold up.  For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Revised 07/14/10

EXHIBIT C - PAGE  22

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

-4-

Revised 07/14/10

EXHIBIT C - PAGE 23

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or

- Contact the local bar association, or

- Look in the Yellow Pages under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

EXHIBIT C - PAGE 24



$$\mathfrak{Superior\ Court\ of\ California}$$
$$\mathfrak{County\ of\ San\ Bernardino}$$

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of San Bernardino to provide the listed alternate dispute resolution (ADR) services under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Landlord-tenant, unlawful detainer, small claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil, family law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
3175-E Sedona Court (Building E)
Ontario CA 91764
TEL (909) 581-6014
FAX (909) 581-6015
WEB www.ivjc.org
EMAIL info@ivjc.org

EXHIBIT C - PAGE 25

Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

---

Jurors: Please contact the Jury Services Office at (909) 387-6244.

Others: Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

Court employees: To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's intranet

---

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

Q&A on Rule of Court 1.100
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

EXHIBIT C - PAGE  26

EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COMLEY

**CONFORMED**

Case Number GTHS 1 1 0 6 5 3 9

vs.

**CERTIFICATE OF ASSIGNMENT**

HOME DEPOT

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Rancho Cucamonga District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General          ☐ Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20 | Other EMPLOYMENT; AROSE IN DISTRICT WHERE IT WAS TO WORK P | |
| ☐ | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Home Depot                                    11884 Foothill Blvd
(NAME- INDICATE TITLE OR OTHER QUALIFYING FACTOR)          ADDRESS

Rancho Cucamonga                          CA                    91730
(CITY)                                      (STATE)              (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

May 24, 2011                          at Los Angeles                        , California

Joseph S. Park
Signature of Attorney/Party

13-16503-360 Rev. 10/84

SB-16503
American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT D - PAGE 27

EXHIBIT E

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

RANCHO CUCAMONGA DISTRICT
8303 NORTH HAVEN AVENUE
RANCHO CUCAMONGA, CA  91730

JUN -1 2011

http://www.sbcounty.gov/courts

CASE NO: CIVRS1105339

By: ROXIE R. REA
Deputy

IN RE: CHRIS COMLEY -V- HOME DEPOT USA INC

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO SHOW CAUSE
REGARDING SERVICE OF SUMMONS AND COMPLAINT

PLEASE TAKE NOTICE, that the above-entitled case has been set for a
Case Management Conference and an Order to Show Cause why the case
should not be dismissed for failure to serve the summons and
complaint. File your Case Management Statement with the court fifteen
(15) calendar days prior to the hearing. Failure to appear may result
in monetary sanctions and/or dismissal of your case. THIS CASE HAS
BEEN ASSIGNED TO JOSEPH R. BRISCO IN DEPARTMENT R10 FOR ALL PURPOSES.

The Order to Show Cause regarding service of summons is set:
08/31/11 at  8:30 in Department R10. If proof of
service of summons and complaint has been filed before that date, no
appearance is required at the time of the Order to Show Cause hearing.
The Case Management Conference is set: 10/28/11 at  8:30
in Department R10.

TO THE PARTY SERVED: The setting of these dates DOES NOT increase the
time you have to respond to the complaint. The time for response is
clearly stated on the Summons.

A COPY OF THIS NOTICE MUST BE SERVED ON ALL DEFENDANTS
Tressa S. Kentner, Clerk of the Court
By: ROXIE REA
Date: 06/01/11

--------------------------------------------------------------------
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:

( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 06/01/11
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 06/01/11 at Rnch Cucamonga, CA  By: ROXIE REA

EXHIBIT E - PAGE 28

# EXHIBIT F

CONFORMED

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
| --- |
| JOSEPH S. DZIDA - Bar No. 89459 |
| CALLANAN, ROGERS & DZIDA, LLP |
| 800 South Figueroa Street, Eleventh Floor |
| Los Angeles, California 90017-2521 |
| TELEPHONE NO.: (213) 599.7595   FAX NO.: (213) 599.7596 |
| ATTORNEY FOR *(Name):* CHRIS CORY COMLEY |

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JUN ~ 1 2011

*Roxanne R Rea*

By _____ Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS: 8303 Haven Avenue
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: RANCHO CUCAMONGA COURT

CASE NAME:
COMLEY v. HOME DEPOT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
| --- | --- | --- | --- | --- |
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | CIVRS 1105339 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 31, 2011

JOSEPH S. DZIDA
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). *(Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT F - PAGE 29

EXHIBIT G



FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

JUL 0 5 2011

BY _Kimberly Karssen_
DEPUTY

1   Michael J. Sexton CA Bar No. 153435
    michael.sexton@ogletreedeakins.com
2   Daniel A. Adlong CA Bar No. 262301
    daniel.adlong@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
4   695 Town Center Drive
    Costa Mesa, CA  92626
5   Telephone:   714.800.7900
    Facsimile:   714.754.1298
6
    Attorneys for Defendant THE HOME DEPOT U.S.A., INC.
7   (erroneously named as HOME DEPOT USA, INC.)

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA COURT

10

11   CHRIS CORY COMLEY,                    Case No. CIVRS 1105339       BY FAX

12            Plaintiff,                   [Assigned for all purposes to
                                           The Honorable Joseph R. Brisco, Dept. R10]
13        vs.
                                           DEFENDANT THE HOME DEPOT U.S.A.
14   HOME DEPOT USA, INC., a Delaware      INC.'S ANSWER TO PLAINTIFF'S
     corporation; and DOES 1-100,          COMPLAINT FOR DAMAGES
15
            Defendants.                    Action Filed:    June 1, 2011
16                                         Trial Date:      None Set

17

18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                        1
     DEFENDANT THE HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1      Defendant The Home Depot U.S.A., Inc. ("Home Depot") hereby answers the Complaint

2  for Damages (the "Complaint") filed by Chris Cory Comley ("Plaintiff") as follows:

3             I.      **GENERAL AND SPECIFIC DENIALS**

4      Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d),

5  Home Depot denies, generally and specifically, each and every allegation contained in the

6  Complaint filed herein by Plaintiff.  Home Depot denies, generally and specifically, that Plaintiff

7  has been damaged in any sum, or at all, by reason of any act or omission on the part of Home

8  Depot, or by any act or omission by any agent or employee of Home Depot.  Home Depot further

9  denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

10            II.      **AFFIRMATIVE DEFENSES**

11      Without waiving the foregoing, Home Depot alleges the following separate and

12  independent affirmative defenses.

13               **FIRST AFFIRMATIVE DEFENSE**

14               **(Failure to State a Claim)**

15      1.     The Complaint fails to state facts sufficient to constitute a cause of action as against

16  Home Depot.

17              **SECOND AFFIRMATIVE DEFENSE**

18              **(Statute of Limitations)**

19      2.     The Complaint, and each alleged cause of action contained therein, is barred by the

20  applicable statutes of limitations, including, but not limited to, California Government Code

21  sections 12960(d) and 12965(b), California Code of Civil Procedure sections 335.1, 338(a), and/or

22  section 343.

23              **THIRD AFFIRMATIVE DEFENSE**

24              **(Good Faith Belief)**

25      3.     The Complaint is barred because any decisions made by Home Depot with respect

26  to Plaintiff's employment were made in good faith and reasonably based on the facts as Home

27  Depot understood them.

28

10511873_2.DOC

1                                **FOURTH AFFIRMATIVE DEFENSE**

2            **(Failure to Exhaust Administrative Remedies and Statutory Prerequisites)**

3         4.       The Complaint is barred because Plaintiff has failed to exhaust his administrative

4 remedies in a timely manner or to comply with the statutory prerequisites for bringing suit

5 contained in the applicable statute. To the extent that the Plaintiff makes allegations or claims

6 which were not made the subject of a timely complaint against Home Depot filed by or on behalf

7 of Plaintiff with the California Department of Fair Employment and Housing ("DFEH") as

8 required by California Government Code sections 12900 et seq., the Court lacks jurisdiction with

9 respect to Plaintiff's Causes of Action.

10                                **FIFTH AFFIRMATIVE DEFENSE**

11  **(Plaintiff's Failure to Utilize Policy and/or Home Depot's Immediate Corrective Action)**

12         5.       The Complaint is barred on the grounds that Home Depot, at all relevant times,

13 exercised reasonable care to prevent and immediately correct any harassing or discriminatory

14 behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective

15 opportunities provided by Home Depot or to avoid harm otherwise.

16                               **SIXTH AFFIRMATIVE DEFENSE**

17                                    **(Justification)**

18         6.       The Complaint is barred because Home Depot's actions were undertaken in good

19 faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute

20 lawful, proper and justified means to further Home Depot's purpose to engage in and continue its

21 business activities.

22                             **SEVENTH AFFIRMATIVE DEFENSE**

23                                    **(Consent)**

24         7.       The Complaint is barred as Plaintiff has consented and acquiesced to those

25 purported acts of which he now complains.

26 ///

27 ///

28 ///

10511873_2.DOC

DEFENDANT THE HOME DEPOT U.S.A. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.     The Complaint is barred by the doctrine of unclean hands because of Plaintiff's conduct and actions.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.     The Complaint is barred because Plaintiff is estopped from asserting each of the claims alleged therein.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10.     The Complaint is barred because Plaintiff has waived the right, by reason of his conduct and actions, to assert each of the claims alleged herein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     The Complaint is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Exclusivity of Workers' Compensation Laws)

12.     The Complaint is barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600, et seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Nondiscriminatory Actions)

13.     The Complaint is barred because any actions taken by Home Depot with respect to Plaintiff's employment were based upon legitimate, nondiscriminatory factors unrelated to Plaintiff's sex and age and free from unlawful harassment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Misconduct)

14.     The Complaint is barred because Home Depot did not know and had no way of knowing about any alleged misconduct.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

15.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

16.     The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate damages as required by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

17.     Home Depot is not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Home Depot.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

18.     Plaintiff's prayers for compensatory and punitive damages are barred because such damages, if any, were not the result of acts, representations or omissions of Home Depot and/or its agents.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

19.     The Complaint is barred because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Home Depot.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient To Support Claim for Punitive Damages)

20.     Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive damages or to show that Home Depot engaged in oppressive, fraudulent or malicious conduct.

5

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2

#### (Punitive Damages Not Recoverable Against Home Depot)

3   21.   Plaintiff is not entitled to recover punitive or exemplary damages from Home Depot

4   for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were

5   performed by an employee of Home Depot and that none of Home Depot's officers, directors or

6   managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Home

7   Depot or its officers, directors or managing agents have advance knowledge of the unfitness, if any,

8   of the employee or employees who allegedly committed said acts, nor did Home Depot employ

9   said employee with a conscious disregard of the rights or safety of others.  Cal. Civ. Code section

10   3294.

11

### TWENTY-SECOND AFFIRMATIVE DEFENSE

12

#### (After-Acquired Evidence Doctrine)

13   22.   Plaintiff's purported causes of action are barred, in whole or in part, by the after-

14   acquired evidence doctrine.

15

### TWENTY-THIRD AFFIRMATIVE DEFENSE

16

#### (Decision Based on Legitimate, Non-Harassing/Non-Retaliatory Business Reason)

17   23.   Plaintiff's Complaint and each cause of action therein are barred on the grounds that

18   any decisions made by Home Depot with respect to Plaintiff's employment were reasonably based

19   on legitimate, non-harassing, non-retaliatory business reasons that did not violate public policy or

20   any statutory prohibition and were unrelated to Plaintiff's alleged disability, and/or any alleged

21   complaints by Plaintiff.

22

### TWENTY-FOUR AFFIRMATIVE DEFENSE

23

#### (Reasonable Accommodation)

24   24.   Plaintiff's purported disability discrimination cause of action is barred as a

25   reasonable accommodation was given to Plaintiff.

26   ///

27   ///

28   ///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

25.   Plaintiff's purported disability discrimination cause of action is barred as the accommodation requested by Plaintiff would have created an undue hardship on Home Depot and/or been dangerous to Plaintiff and the public.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Engage In Interactive Process)

26.   Plaintiff's causes of action based on discrimination fails as Plaintiff's allegations do not state facts sufficient to establish that he engaged in a good faith interactive process.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional to Recover Punitive Damages)

27.   Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

28.   Home Depot presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Home Depot reserves the right to assert additional defenses in the event that discovery indicates that any additional defenses would be appropriate.

///
///
///
///
///
///
///

10511873_2.DOC

DEFENDANT THE HOME DEPOT U.S.A. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1    WHEREFORE, Home Depot prays for judgment as follows:

2        1.   That judgment be entered in favor of Home Depot and against Plaintiff;

3        2.   That the Complaint herein be dismissed in its entirety with prejudice;

4        3.   That Home Depot be awarded the costs of suit herein; and

5        4.   For such other and further relief as the Court deems just and proper.

6

7    DATED:  July 5, 2011                    OGLETREE, DEAKINS, NASH, SMOAK &
                                              STEWART, P.C.
8

9

10                                           By:

11                                              Michael J. Sexton
                                                Daniel A. Adlong
12
                                             Attorneys for Defendant THE HOME DEPOT
13                                           U.S.A., INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10511873_2.DOC

DEFENDANT THE HOME DEPOT U.S.A. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT G - PAGE 37

**PROOF OF SERVICE**
*Comley v. Home Depot USA, Inc. et al.*
Case No. CIVRS 1105339

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On July 5, 2011, I served the following document(s):

**DEFENDANT THE HOME DEPOT U.S.A. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 5, 2011, at Costa Mesa, California.

Lori Waters, CCLS
Type or Print Name                          Signature

9

10511873_2.DOC

1

## SERVICE LIST

2

3   Joseph S. Dzida, Esq.                    Attorneys for Plaintiff
    Theodore S. Khachaturian, Esq.           CHRIS CORY COMLEY
4   CALLANAN, ROGERS & DZIDA, LLP
    800 South Figueroa Street, Eleventh Floor
5   Los Angeles, CA  90017-2521
    Tel:  213-599-7595
6   Fax:  213-599-7596
    E-Mail:  jdzida@crdattorneys.com
7            tkhachaturian@crdattorneys.com

8

9

10

11

12

13

14

15   10511873.2 (OGLETREE)

16

17

18

19

20

21

22

23

24

25

26

27

28

10511873_2.DOC

DEFENDANT THE HOME DEPOT U.S.A. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT G - PAGE 39

## CERTIFICATE OF SERVICE
Comley v. Home Depot USA, Inc. et al.
Case No:

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On July 6, 2011, I served the following document(s) described as follows:

**DEFENDANT'S PETITION AND NOTICE OF REMOVAL**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attorneys for Plaintiff, set forth below.

☒   **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Joseph S. Dzida, Esq.                                   Attorneys for Plaintiff
Theodore S. Khachaturian, Esq.                 CHRIS CORY COMLEY
CALLANAN, ROGERS & DZIDA, LLP
800 South Figueroa Street, Eleventh Floor
Los Angeles, CA  90017-2521
Tel:  213-599-7595
Fax:  213-599-7596
E-Mail:  jdzida@crdattorneys.com
              tkhachaturian@crdattorneys.com

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 6, 2011, at Costa Mesa, California.

Lori Waters, CCLS                                   Signature
Type or Print Name

10503169.1 (OGLETREE)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1040 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

BY FAX

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Chris Cory Comley | The Home Depot U.S.A., Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| See Attachment A | See Attachment A |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 1441, 1446; CA Gov't Code Section 12900; wrongful termination; disability discrimination; failure to accommodate; wrongful retaliation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**ED CV11-01040 VAP (DTBx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  7/6/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A
Comley v. Home Depot USA, Inc. et al.
Case No.

(b) Attorneys for Plaintiff CHRIS CORY COMLEY

Joseph S. Dzida CA Bar No. 89459
jdzida@crdattorneys.com
Theodore S. Khachaturian CA Bar No. 239137
tkhachaturian@crdattorneys.com
CALLANAN, ROGERS & DZIDA, LLP
800 South Figueroa Street, Eleventh Floor
Los Angeles, CA  90017-2521
Tel:  213-599-7595
Fax:  213-599-7596


Attorneys for Defendant THE HOME DEPOT U.S.A., INC.

Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletreedeakins.com
Daniel A. Adlong CA Bar No. 262301
daniel.adlong@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714.800.7900
Facsimile:   714.754.1298

**CERTIFICATE OF SERVICE**
Comley v. Home Depot USA, Inc. et al.
Case No:

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On July 6, 2011, I served the following document(s) described as follows:

**CIVIL COVER SHEET**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attorneys for Plaintiff, set forth below.

☒   **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Joseph S. Dzida, Esq.<br>Theodore S. Khachaturian, Esq.<br>CALLANAN, ROGERS & DZIDA, LLP<br>800 South Figueroa Street, Eleventh Floor<br>Los Angeles, CA  90017-2521<br>Tel:  213-599-7595<br>Fax:  213-599-7596<br>E-Mail:  jdzida@crdattorneys.com<br>       tkhachaturian@crdattorneys.com | Attorneys for Plaintiff<br>CHRIS CORY COMLEY |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 6, 2011, at Costa Mesa, California.

Lori Waters, CCLS                    _[signature]_
Type or Print Name                Signature

10534151.1 (OGLETREE)